IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Rodrecus A. Morris, )
    Petitioner, )
)
v. ) 1:08cv488 (GBL/TRJ)
)
David B. Everett, )
    Respondent. )

## MEMORANDUM OPINION

Rodrecus A. Morris, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of malicious wounding and other offenses following a bench trial in the Chesterfield County Circuit Court. Respondent has filed a Rule 5 Answer and Motion to Dismiss with a supporting brief and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response. For the reasons that follow, petitioner's claims must be dismissed.

I.

On April 19, 2005, Morris was convicted by the Chesterfield County Circuit Court of two counts of malicious wounding, two counts of use of a firearm during the commission of a felony, and one count of possession of a firearm by a previously convicted felon. Commonwealth v. Morris, R. No. CR05F00607-01-05. The opinion of the Fourth Circuit Court of Appeals issued on petitioner's direct appeal reflects the following underlying facts:

> [T]he evidence [reviewed in the light favorable to the Commonwealth] establishes that in the early morning of January 22, 2005, appellant and his girlfriend were having an argument in the parking lot of a 7-11 store. Jonathan Archer came out of the store and

> yelled toward appellant. Appellant exited the car, came towards Archer, and the two got in a fight. Appellant hit Archer with a gun, and the gun fell to the ground. Appellant recovered the gun, and as he was leaving he fired several shots back in the direction of the store. A bullet from one of those shots hit Brian Staples in the back of the neck.
>
> At trial, appellant offered a different version of events. He said that he never had a gun, but rather that Archer had the gun and that appellant was only reaching for the gun in self-defense. He claimed that he did not shoot the gun intentionally, but that during the struggle the weapon may have discharged a few times. He was stopped three times that evening by officers looking for the shooter, and he never mentioned to the police that he was involved in the shooting.

Morris v. Commonwealth, R. No. 2141-05-2 (Va. Ct. App. Apr. 18, 2006). Resp. Ex. 3 at 1-2.

On July 18, 2005, Morris was sentenced to serve fifty-three (53) years in prison, with ten (10) years suspended, for a total of forty-three (43) years active incarceration. Resp. Ex. 3 at 1-2.

Morris prosecuted a direct appeal of his conviction, raising the following claims:

1. He acted in self-defense when he was confronted by Archer and Staples at the 7-11 store.

2. If he acted in self-defense and was acquitted on the malicious wounding charges, the firearm conviction would also be reversible.

Resp. Ex. 1 at 2

On April 18, 2006, the Court of Appeals affirmed Morris' conviction in a *per curiam* opinion. Morris v. Commonwealth, supra. Resp. Ex. 3. Morris sought further review by a three-judge panel of the Court, but his petition was denied on August 3, 2006. Resp. Ex. 4. Morris' petition for appeal to the Virginia Supreme Court was refused on December 18, 2006. Morris v. Commonwealth, R. No. 061770 (Va. Dec. 18, 2006). Resp. Ex. 7. Morris' conviction became

final for federal purposes ninety days later, on or about March 16, 2008.[1]

Morris next filed an application for a state writ of habeas corpus in the Virginia Supreme Court on September 12, 2007, alleging that trial counsel rendered ineffective assistance by failing reasonably and adequately to investigate or to interview potential alibi witnesses to prove Morris' claim of self-defense. Morris' petition was determined to be without merit and accordingly was dismissed on January 24, 2008. Morris v. Warden, Sussex II State Prison, R. No. 214903 (Va. Jan. 24, 2008). Resp. Ex. 8.

Morris filed the instant federal habeas petition in May, 2008,[2] raising the following claims:

1. The state court erred when it disregarded his claim of self-defense.

2. If he acted in self-defense, the firearms charges should be dismissed.

3. He received ineffective assistance of counsel because his lawyer failed reasonably and adequately to investigate and to interview potential alibi witnesses to prove his claim of self-defense.

On September 30, 2008, respondent filed a Rule 5 Answer to the petition, as well as

---

[1] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

[2] A habeas corpus petition submitted by an incarcerated pro se litigant is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, however, Morris did not indicate the date on which he placed his petition in the prison mailing system. His cover letter submitted with the initial petition is dated April 10, 2008, and the petition was date-stamped as received by the Clerk on May 14, 2008.

Motion to Dismiss Morris' claims with a supporting brief and exhibits. Morris filed a reply on October 17, 2008. Because Morris has exhausted his claims as required under 28 U.S.C. § 2254,[3] this matter is now ripe for review on the merits.

## II.

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one.

---

[3]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a § 2254 applicant in this jurisdiction must first have presented the same factual and legal claims raised in his federal petition to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus proceeding. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## III.

### A. Claims 1 and 2

In his first federal claim, Morris argues that the state court erred when it disregarded his claim of self-defense and found him guilty of malicious wounding. In his second claim, which is closely related, Morris contends that because he acted in self-defense, his firearms charges also should be dismissed. When Morris argued on direct appeal that the evidence was insufficient to sustain his convictions of malicious wounding and using a firearm in connection with a malicious wounding, the Court of Appeals of Virginia rejected his contentions on the following holding:

> 'The credibility of the witnesses and the weight accorded to the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.' Sandoval v. Commonwealth, 20 Va. App. 133, 128, 455 S.E. 2d 730, 732 (1995). The trial judge noted 'this case is determined largely by resolution of credibility issues ... [T]he court has very carefully considered the demeanor, ... the bias, the interests of the case ... and I resolve the conflicts in the evidence in favor of the Commonwealth's witnesses.' The judge stated that he found Archer and Staples to be 'entirely credible' and appellant to be 'entirely incredible.' The trial judge did not abuse his discretion by accepting the version of events presented by Archer and Staples, and their testimony presented sufficient evidence to convict appellate of all four charges. Thus the trial court did not err.

Morris v. Commonwealth, supra. Resp. Ex. 3 at 2.

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

In evaluating the sufficiency of the evidence to support a conviction, it is not the role of a federal court to review the credibility of witnesses. See e.g., United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989); United States v. Reavis, 48 F.3d 763, 771 (4th Cir. 1995); United States v. Hobbs, 136 F.3d 384, 391 n.11 (4th Cir. 1998). Instead, the federal court is bound by the credibility determinations made by the state court trier of fact. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983). In this case, the trier of fact found Morris' version of the salient events, which included the contention that he reached for the gun only in self-defense, to be 'entirely incredible.' Therefore, this Court likewise must reject that argument. Id. When the remaining evidence is viewed in the light most favorable to the prosecution, it is readily apparent that a rational trier of fact could have found Morris guilty of malicious wounding and using a gun

6

in the commission of a felony beyond a reasonable doubt. Jackson, 443 U.S. at 319. Therefore, the state courts' rejection of Morris' first two claims was neither contrary to nor an unreasonable application of that applicable federal law, and habeas corpus relief likewise must be denied. Williams, 529 U.S. at 412-13.

### B. Claim 3

In his third claim, Morris argues that his attorney rendered ineffective assistance by failing to investigate and to interview potential alibi witnesses to prove Morris' claim of self-defense. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient

to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

When Martin raised the same claim he makes in this federal petition in his state habeas corpus proceeding, the Supreme Court of Virginia rejected his argument on the following holding:

> In his sole claim, petitioner alleges that he was denied the effective assistance of counsel because counsel failed to discover and 'reasonably investigate' any potential witnesses other than petitioner's girlfriend. In his affidavit, petitioner claims that counsel refused to call additional witnesses because 'it was the Commonwealth's duty to call witnesses.' Petitioner argues that had counsel located and called such 'other witnesses,' petitioner's claim of self-defense would have been substantiated.
>
> The Court holds that this claim satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the affidavit of counsel, demonstrates that counsel investigated the matter, but was unable to identify or locate any witnesses other than petitioner's girlfriend to corroborate petitioner's defense and that counsel informed petitioner of the same. Further, petitioner fails to identify the witnesses he contends counsel should have called. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for

> counsel's alleged errors, the result of the proceeding would have been different.

Martin v. Warden, supra; Resp. Ex. 8.

Review of the record on file with this court reveals that the foregoing determination was factually reasonable. In the habeas proceeding before the Virginia Supreme Court, respondent's motion to dismiss was supported in pertinent part by the affidavit of Morris' trial counsel, Stephen V. Sommers, Esquire, who attested that:

> In preparation to go to trial on Mr. Rodrecus Antonio Norris' case, I filed Discovery Motions and received what I was entitled to under the Rules of the Supreme Court of Virginia. I further did due diligence by reviewing documents from the Commonwealth Attorney's file, including any witness statements or interviews taken by the Police.
>
> Mr. Morris informed me of the possibility of other witnesses that may have been present at the 7-11 store on the night in question, and I did contact this store manager and did ask who the store clerk was on the date this incident happened. He was unable to provide to me a name of who might have been the store clerk, and additionally told me personnel had changed completely since the date in question and therefore was unable to even provide me a list of employees that might have been located and interviewed.
>
> I informed Mr. Morris of my attempt to locate other witnesses other than his girlfriend Ms. Holmes.
>
> ... Apparently, there were two other persons in the car with the two victims which were not presented by the Commonwealth in its case in chief. My discussions with the Commonwealth Attorney who tried this matter was that those witnesses were not needed, one did not witness anything as he was inside the store during the incident and the other would have testified in a like matter [sic] as the two victims who did testify at the trial.
>
> Finally, I never told Mr. Morris that it was the Commonwealth's job to subpoena witnesses to testify on behalf of the defendant as that is ludicrous. I told Mr. Morris I would do everything in my power to find any witness that would substantiate his version of the story,

> including his girlfriend, but was unable to locate anybody but her. Mr. Morris was kept fully informed in multiple meetings as we prepared this matter for trial, knowing exactly who was going to testify and what was to be said.

Martin v. Warden, Motion to Dismiss, Resp. Ex. 6.

On this record, the Virginia Supreme Court's rejection of Morris' claim that counsel provided ineffective assistance was neither contrary to nor an unreasonable application of the controlling Strickland principles, upon which the Court expressly relied. Consequently, federal habeas corpus relief likewise is unavailable for that claim, Williams, 529 U.S. at 412-13, and respondent's motion to dismiss this petition must be granted.

Lastly, it is noted that petitioner in his reply to the respondent's Motion to Dismiss asserts entitlement to a federal evidentiary hearing on his petition. As petitioner's claims can be thoroughly addressed on the existing record, and because he otherwise is not entitled to evidentiary development of his claims, his request for an evidentiary hearing is without merit. Conaway v. Polk, 453 F.3d 567, 582 (4th Cir. 2006); Green v. Johnson, 431 F. Supp.2d 601, 608-17 (E.D. Va. 2006).

### IV.

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this ___ day of _August_ 2009.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia